**JUDGE HOLLY B. BROWN**
**DEPARTMENT 1**

GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2019 SEP 30 AM 9: 17

FILED

BY ___DA___ DEPUTY

1. Thomas J. Karem, Esq.
   Karem Law Firm, P.C.
2. 1902 W. Dickerson St., Ste. 103
   P.O. Box 682
3. Bozeman, MT 59771-0682
   thomas@karemlaw.com
4. (406) 586-1986 fax 624-6891

5. Attorney for Plaintiff

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

* * * * * *

| | | |
|---|---|---|
| TAMMY FRIEDLUND, | ) | Cause No. DV-16-740A |
| Plaintiff, | ) | SUMMONS |
| vs. | ) | |
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE CO., a foreign corp., CUNNINGHAM LINDSEY U.S., INC., a a foreign corp., ABC Corps., ABC LLCs, and JOHN DOES 1-10, | ) | |
| Defendants. | ) | |

THE STATE OF MONTANA SENDS GREETINGS TO:

Cunningham Lindsey U.S., Inc.
26 W. Sixth Ave.
Helena, MT 59624

YOU, DEFENDANT, ARE HEREBY SUMMONED to answer Plaintiff's Complaint and Jury Demand in the above-entitled cause, which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff's attorney within twenty-one (21) days after the service of this Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment may be taken against you by default, for the relief demanded in the Petition.



EXHIBIT 1

GIVEN under my hand this _12_ day of July, 2019, at the hour of _10:55_ o'clock, _A_.m.

JENNIFER BRANDON,
Clerk of District Court

By: _____
Deputy Clerk of Court

JUDGE HOLLY B. BROWN
DEPARTMENT 1

GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2019 SEP 30 AM 9:17

FILED

BY_____DA_____DEPUTY

Thomas J. Karem, Esq.
**Karem Law Firm, P.C.**
1902 W. Dickerson St., Ste. 103
P.O. Box 682
Bozeman, MT 59771-0682
thomas@karemlaw.com
(406) 586-1986 fax 624-6891

Attorney for Plaintiff

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

* * * * * *

TAMMY FRIEDLUND,                    )   Cause No. DV-16-740A
                                    )
              Plaintiff,            )   SUMMONS
                                    )
     vs.                            )
                                    )
MOUNTAIN WEST FARM BUREAU MUTUAL    )
INSURANCE CO., a foreign corp.,     )
CUNNINGHAM LINDSEY U.S., INC., a    )
a foreign corp., ABC Corps.,        )
ABC LLCs, and JOHN DOES 1-10,       )
                                    )
              Defendants.           )
                                    )

**THE STATE OF MONTANA SENDS GREETINGS TO:**

Mountain West Farm Bureau Mutual Insurance Company
502 S. 19th Ave., Ste. 307
Bozeman, MT 59718

**YOU, DEFENDANT, ARE HEREBY SUMMONED** to answer Plaintiff's Complaint and Jury Demand in the above-entitled cause, which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Plaintiff's attorney within twenty-one (21) days after the service of this Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment may be taken against you by default, for the relief demanded in the Petition.

Page 1 of 2

1      GIVEN under my hand this _12_ day of July, 2019, at the hour
2 of _10:55_ o'clock, _A_.m.
3
4                         JENNIFER BRANDON,
                          Clerk of District Court
5
6
7                         By: _____
                           Deputy Clerk of Court

1  Thomas J. Karem, Esq.
   **Karem Law Firm, P.C.**
2  517 South 22nd Ave., Ste. 5
   P.O. Box 682
3  Bozeman, MT 59771-0682
   (406) 586-1986  fax 587-9461
4  thomas@karemlaw.com

5  Attorney for Plaintiff

GALLATIN COUNTY CLERK
OF DISTRICT COURT

2016 OCT -4 PM 4:56

FILED

BY_____DEPUTY

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

\* \* \* \* \* \*

| | |
|---|---|
| TAMMY FRIEDLUND,<br><br>    Plaintiff,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE CO., a foreign corp., CUNNINGHAM LINDSEY U.S., INC., a a foreign corp., ABC Corps., ABC LLCs, and JOHN DOES 1-10,<br><br>    Defendants. | Cause No. DV-16-740A<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW, Plaintiff, Tammy Friedlund, by and through counsel, and states, for her complaint against Defendants, as follows:

**PARTIES**

1. Plaintiff, Tammy Friedlund ("Plaintiff" or "Friedlund") is a Montana resident residing in Gallatin County, Montana.

2. Defendant, Mountain West Farm Bureau Mutual Insurance Company ("Defendant MWFB" or "MWFB"), is a Montana registered foreign corporation, with a principal business address of 931 Boulder Dr., Laramie, Wyoming 82070, and whose Montana registered agent address is 502 S. 19th Ave., Ste. 307, Bozeman, Montana 59718.

3. Defendant Cunningham Lindsey U.S., Inc. ("Defendant Cunningham Lindsey" or "Cunningham Lindsey"), is a Montana registered foreign corporation, with a principal business address of 405 State Hiway 121 Bypass, Lewisville, Texas 75067, and whose registered agent address is 26 W. Sixth Ave., Helena, Montana 59624-1691.

**JURISDICTION AND VENUE**

4. The Court has original jurisdiction over this action pursuant to § 3-5-302(b)-(c), M.C.A.
5. The Court has personal jurisdiction over the parties because Plaintiff is a resident of Gallatin County, Montana; Defendants transact business in Montana, enter into contracts for services and/or materials in Montana, and committed acts resulting in accrual of claims in Montana.
6. Venue is proper because Plaintiff resides in Gallatin County, Defendants are not residents of Montana, and/or Defendants committed acts that accrued in Gallatin County, Montana.

**COMMON ALLEGATIONS**

7. Defendant MWFB's primary business purpose is selling liability, life, and accident insurance in Montana.
8. On or about November 18, 2013, Defendant MWFB employed Plaintiff as a claims adjuster for claims covered by insurance policies sold by MWFB.
9. Defendant Cunningham Lindsey's primary business purpose, relevant here, is providing third-party claims adjustment for clients in Montana. Cunningham Lindsey does not sell insurance.

10. On or about June 1, 2015, Defendant Cunningham Lindsey employed Plaintiff as a part-time independent claims adjuster.

11. On or about October 9, 2015, Defendant Cunningham Lindsey terminated Plaintiff's employment effective immediately. The basis for Plaintiff's termination was that she "violated company policy", i.e.; Plaintiff was employed by MWFB while she was also employed as an independent claims adjuster for Cunningham Lindsey.

12. On or about October 12, 2015, Defendant MWFB terminated Plaintiff's employment effective immediately. The bases for Plaintiff's termination were that she did not follow MWFB's personnel policy and ethics regarding employment with other employers, and that Plaintiff's employment as an "independent adjuster and representing other insurance carrier's [sic] is a conflict of interest and against the company code of ethics."

13. Defendant MWFB is not a competitor of Defendant Cunningham Lindsey nor is Cunningham Lindsey of MWFB.

14. Plaintiff did not adjust claims against MWFB's insured for Cunningham Lindsey nor against Cunningham Lindsey's clients for MWFB.

15. Plaintiff exhausted Defendants' grievance procedures. Plaintiff's employment was not reinstated by either Defendant.

//
//
//

## COUNT I

### Wrongful Discharge from Employment

16. Plaintiff realleges the foregoing paragraphs under this count verbatim.
17. Plaintiff was not a probationary employee.
18. Defendants terminated Plaintiff's employment under mistaken interpretation of fact;
19. Defendants' termination of Plaintiff's employment was a pretext for an illegitimate reason;
20. Defendants' termination of Plaintiff's employment was invalid as a matter of law;
21. Defendants discharged Plaintiff without good cause.
22. Plaintiff was injured by Defendants' wrongful termination.
23. Defendants' wrongful discharge is the actual and proximate cause of Plaintiff's injuries.
24. Plaintiff is entitled to lost wages, including bonuses, fringe benefits, and interest in an amount to be determined at trial.

## COUNT II

### Blacklisting

25. Plaintiff realleges the foregoing paragraphs under this count verbatim.
26. Defendants prevented or attempted to prevent employment of Plaintiff by prospective employers by making false representations about Plaintiff.
27. Defendants attempted, or authorized or allowed its agents to blacklist Plaintiff, to prevent Plaintiff from obtaining employment with prospective employers.

28. Plaintiff was injured by Defendants' blacklisting.
29. Defendants' blacklisting of Plaintiff is the actual and proximate cause of Plaintiff's injuries.
30. Plaintiff is entitled to damages, including, without limitation, punitive damages, and interest in an amount to be determined at trial.

## COUNT III

### Exemplary Damages

31. Plaintiff realleges the foregoing paragraphs as though set forth under this count verbatim.
32. Defendants prevented or attempted to prevent employment of Plaintiff by prospective employers by making false representations about Plaintiff.
33. On or about June 17, 2015, pursuant to Defendant MWFB personnel policies, Plaintiff complained to MWFB that its insurance agents were making false statements about Plaintiff's job performance because Plaintiff would not approve an insured's hail damage claim. Instead of taking corrective action, MWFB terminated Plaintiff's employment.
34. Defendants terminated Plaintiff's employment without good cause.
35. Defendants were aware that they had violated their policies, and/or state or federal employment laws when they discharged Plaintiff or intentionally disregarded these facts when they discharged Plaintiff.
36. Defendants deliberately terminated Plaintiff's employment in conscious or intentional disregard of the high probability of injury to Plaintiff, or deliberately discharged Plaintiff

|   | with indifference to the high probability of injury to her. |
|---|---|
| 37. | Defendants committed actual malice when it terminated Plaintiff. |
| 38. | Plaintiff was injured by Defendants' actual malice. Defendants' malice is the actual and proximate cause of Plaintiff's injuries. |
| 39. | Plaintiff is entitled to punitive damages in an amount to be determined at trial. |

## COUNT IV

### Equal Protection and Due Process

| 40. | Plaintiff realleges the foregoing paragraphs as though set forth under this count verbatim. |
|---|---|
| 41. | The Equal Protection Clause of the Fourteenth Amendment mandates that government shall not deny to any person within its jurisdiction equal protection of the laws. U.S. Const. Amend. XIV; Mont. Const., Art. II, Section 4. |
| 42. | Article II, Section 3, Mont. Const., bestows upon the citizens of this state inalienable rights to pursue life's basic necessities, enjoy and defend their lives and liberties, acquire, possess and protect property, and seek their safety, health and happiness in all lawful ways. Article II, Section 26, Mont. Const., guarantees the right to trial by jury. |
| 43. | Courts shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. Mont. Const., Art. II, Sect. 16. Right and justice shall be administered without sale, denial, or delay. *Id.* |

//

44. Section 39-2-915, M.C.A., provides that a party may offer to arbitrate and, if the other party rejects the offer, the offering party shall be awarded attorney fees as costs if the offering party prevails at trial, but that the rejecting party is not entitled to an award of attorney fees if the rejecting party prevails at trial.

45. Section 39-2-915, M.C.A., has a discriminatory impact in that it rewards an offering party but punishes a rejecting party by not affording attorney fees to the rejecting party even if the rejecting party prevails at trial. It also has a discriminatory impact in that Plaintiff, by her wrongful discharge claim, is treated dissimilar to other litigants by discouraging the exercise of her inalienable rights, chilling her unfettered right to a trial by jury, and closing the courthouse doors to speedy remedy without sale, denial, or delay.

46. It is against the public policy and laws of this state to grant one party the right to attorney fees, but not the other; violates Plaintiff's right to contract; imposes a term by which Plaintiff neither knowingly nor voluntarily agreed to; and imposes costs upon Plaintiff, e.g., arbitrator fees, that are not imposed on every other citizen bringing suit.

47. Section 39-2-915, M.C.A., is not related to a legitimate government purpose, is an arbitrary and discriminatory treatment of Plaintiff, and wholly irrelevant to the achievement of the legislature's objective.

//

48. Because § 39-2-915, M.C.A., is not related to a legitimate government purpose and is arbitrary and discriminatory, it violates Plaintiff's equal protection and due process rights.
49. Section 39-2-915, M.C.A., is unconstitutional and should not be enforced.

**DEMAND FOR JURY**

Plaintiff requests trial by jury of her peers.

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

1. That Plaintiff be awarded lost wages, fringe benefits, and interest against Defendants for wrongful termination of Plaintiff's employment;
2. That Plaintiff be awarded punitive damages against Defendants for blacklisting Plaintiff and for maliciously terminating her employment;
3. That Plaintiff be awarded attorney fees, costs of suit, and interest to the extent allowed by law;
4. That § 39-2-915, M.C.A., be held unconstitutional; and
5. That, in addition, for such other equitable and legal relief.

DATED this 4 day of October, 2016.

_____
Thomas Karem,
Attorney for Plaintiff