# RETURN OF SERVICE

State of Montana     County of Gallatin     Montana Eighteenth Judicial Distrct Court

Case Number: DV-16-740A

Plaintiff(s):
TAMMY FRIEDLUND

vs.

Defendant(s):
MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE CO., a foreign corp., CUNNINGHAM LINDSEY U.S., INC., a foreign corp., ABC Corps., ABC LLCs, and JOHN DOES 1-10

For:
Thomas J. Karem, Esq.
KAREM LAW FIRM, P.C.
P.O. Box 682
Bozeman, MT 59771-0682

Received by ALL PAPERS TO GO to be served on CUNNINGHAM LINDSEY U.S., INC., CORPORATION SERVICE COMPANY, 26 WEST SIXTH AVENUE, HELENA, MT 59624.

I, Robert A. Pankratz, do hereby affirm that on the 13th day of September, 2019 at 3:18 pm, I:

Executed service upon CUNNINGHAM LINDSEY U.S., INC., by delivering a true copy of the SUMMONS and COMPLAINT AND JURY DEMAND in accordance with state statutes by personally serving CINDI LEASE, Who Is Authorized To Accept For the Registered Agent of Record, CORPORATION SERVICE COMPANY, 26 WEST SIXTH AVENUE, HELENA, MT 59624.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Robert A. Pankratz
Process Server #8901

ALL PAPERS TO GO
P.O. Box 5894
Helena, MT 59604-5894
(406) 449-4121

Our Job Serial Number: APG-2019000217

Service Fee: $50.00


EXHIBIT 2

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4i

## Return of [✓] Service [ ] Non-Service

STATE OF MONTANA )
                 .ss
County of Gallatin )

Case No. DV-16-740A

Court: 18th District

County: Gallatin

Tyler Restvedt, being duly sworn states that I am over the age of eighteen (18) and I am not a party to, nor an attorney for, any person involved in these proceedings and that I received the within:

Summons and Complaint

[✓] I served the same
[ ] Attempted Service
[ ] Did not serve at client's request
[ ] Was unable to serve after due and diligent search

Travis Hewitt o/b/o Mountain West Farm Bureau

(Person/Entity to be served)

Service location: Mountain West Farm Bureau

City: Bozeman

State: MT

Zip: 59715

On the day of: 9/13/19   @ 11:45 AM

Service Fees $: 75.00

Sworn to and subscribed before me
On this ___ day of _____ A.D. 2019
By: Tyler Restvedt

Notary Seal

I declare under penalty of perjury that the foregoing is true and correct.

Tyler Restvedt
Digitally signed by Tyler Restvedt
Date: 2019.09.16 15:01:01 -06'00'

Process Server: Tyler Restvedt
License No. 21595

_____
(Signature of Notary)
State of Montana, County of Gallatin

GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2019 SEP 16 PM 1:21

FILED

BY_____ DEPUTY

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

* * * * * *

| | |
|---|---|
| TAMMY FRIEDLUND, | Cause No. DV-16-740A |
| Plaintiff, | **ORDER *RE*: MOTION FOR EXTENSION** |
| vs. | |
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE CO., a foreign corp., CUNNINGHAM LINDSEY U.S., INC., a a foreign corp., ABC Corps., ABC LLCs, and JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff moves for an extension regarding the Court's Notice for Failure to Prosecute dated June 25, 2019. Defendants have not been served. Plaintiff is negotiating settlement with Defendants. The deadline to serve the Summons and Complaint is October 4, 2019. The Court finds good cause to grant Plaintiff's motion.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff is granted an extension to prosecute the Complaint to October 4, 2019. Absent prosecution by October 4, 2019, the Court will dismiss the Complaint and Jury Demand without prejudice pursuant to Rule 4(t)(1), M.R.Civ.P.

SO ORDERED this 16th day of September, 2019.

HON. HOLLY B. BROWN,
District Court Judge

cc: Thomas Karem - emailed 9/17/19

Page 1 of 1

Thomas J. Karem, Esq.
**Karem Law Firm, P.C.**
1902 W. Dickerson St., Ste. 103
P.O. Box 682
Bozeman, MT 59771-0682
(406) 586-1986 fax 624-6891
thomas@karemlaw.com

Attorney for Plaintiff

GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2019 SEP 12 PM 3: 15

FILED

BY_____ DEPUTY

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

* * * * * *

| | |
|---|---|
| TAMMY FRIEDLUND,<br><br>    Plaintiff,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE CO., a foreign corp., CUNNINGHAM LINDSEY U.S., INC., a a foreign corp., ABC Corps., ABC LLCs,   and JOHN DOES 1-10,<br><br>    Defendants. | Cause No. DV-16-740A<br><br>**MOTION FOR EXTENSION *RE*: COURT'S NOTICE** |

COMES NOW, Plaintiff, by and through counsel, and requests an extension regarding the Court's Notice for Failure to Prosecute dated June 25, 2019. Plaintiff is in the process of negotiating settlement with Defendants. The deadline to serve the summons and complaint is October 4, 2019. Plaintiff will serve the summons and complaint on or before the foregoing date should the matter not settle.

**WHEREFORE**, Plaintiff requests an extension to October 4, 2019, to proceed with prosecution of this case.

DATED this /2 day of September, 2019.

Thomas Karem,
Attorney for Plaintiff

Page 1 of 1

GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2019 JUN 25 PM 3:30

FILED

BY_____ M____ DEPUTY

MONTANA EIGHTEENTH JUDICIAL DISTRICT, GALLATIN COUNTY

\* \* \* \* \* \* \*

| | |
|---|---|
| TAMMY FRIEDLUND, <br><br> Plaintiff, <br> vs. <br><br> MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE CO., a foreign corp., et al, <br><br> Defendants. | Cause No. DV-16-740A <br><br> COURT'S NOTICE FOR FAILURE TO PROSECUTE |

The above-entitled case was filed on October 4, 2016. Pursuant to § 25-1-104, MCA,

> Failure to prosecute—dismissal on initiative of court. In a district court action in which it appears on the face of the record that activity by filing of pleadings, order of court, or otherwise has not occurred for a period of 2 years and no stay has been issued or approved by the court, the court or, if the court does not act, the clerk of court shall serve notice of lack of prosecution to each party at the party's last-known address. If a pleading, order, or other activity does not occur within the 60-day period following the service of the notice and if a stay is not issued or approved during the 60-day period, the court shall, on its own motion and without further notice or hearing, dismiss the action without prejudice.

2

Upon review of the case, the Court notes that the last filing was on October 4, 2016, which was the Complaint and Jury Demand. There has been no stay issued or approved by the Court in this matter.

Therefore, the Court provides notice to the parties that unless a pleading or other document is filed with the Court on or before **September 13, 2019**, this matter shall be dismissed without prejudice in accordance with § 25-1-104, MCA.

DATED this 25th day of June, 2019.

HON. HOLLY BROWN
District Court Judge

cc:  Thomas J. Karem  —emailed 6/26/19

Thomas J. Karem, Esq.
**Karem Law Firm, P.C.**
517 South 22nd Ave., Ste. 5
P.O. Box 682
Bozeman, MT 59771-0682
(406) 586-1986 fax 587-9461
thomas@karemlaw.com

Attorney for Plaintiff

GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2016 OCT -4 PM 4:56

FILED

BY _____ EP DEPUTY

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

* * * * * *

| | |
|---|---|
| TAMMY FRIEDLUND, | Cause No. DV-16-740A |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE CO., a foreign corp., CUNNINGHAM LINDSEY U.S., INC., a a foreign corp., ABC Corps., ABC LLCs, and JOHN DOES 1-10, | ∅ Summons Issued |
| Defendants. | |

COMES NOW, Plaintiff, Tammy Friedlund, by and through counsel, and states, for her complaint against Defendants, as follows:

**PARTIES**

1. Plaintiff, Tammy Friedlund ("Plaintiff" or "Friedlund") is a Montana resident residing in Gallatin County, Montana.

2. Defendant, Mountain West Farm Bureau Mutual Insurance Company ("Defendant MWFB" or "MWFB"), is a Montana registered foreign corporation, with a principal business address of 931 Boulder Dr., Laramie, Wyoming 82070, and whose Montana registered agent address is 502 S. 19th Ave., Ste. 307, Bozeman, Montana 59718.

3. Defendant Cunningham Lindsey U.S., Inc. ("Defendant Cunningham Lindsey" or "Cunningham Lindsey"), is a Montana registered foreign corporation, with a principal business address of 405 State Hiway 121 Bypass, Lewisville, Texas 75067, and whose registered agent address is 26 W. Sixth Ave., Helena, Montana 59624-1691.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this action pursuant to § 3-5-302(b)-(c), M.C.A.

5. The Court has personal jurisdiction over the parties because Plaintiff is a resident of Gallatin County, Montana; Defendants transact business in Montana, enter into contracts for services and/or materials in Montana, and committed acts resulting in accrual of claims in Montana.

6. Venue is proper because Plaintiff resides in Gallatin County, Defendants are not residents of Montana, and/or Defendants committed acts that accrued in Gallatin County, Montana.

## COMMON ALLEGATIONS

7. Defendant MWFB's primary business purpose is selling liability, life, and accident insurance in Montana.

8. On or about November 18, 2013, Defendant MWFB employed Plaintiff as a claims adjuster for claims covered by insurance policies sold by MWFB.

9. Defendant Cunningham Lindsey's primary business purpose, relevant here, is providing third-party claims adjustment for clients in Montana. Cunningham Lindsey does not sell insurance.

10. On or about June 1, 2015, Defendant Cunningham Lindsey employed Plaintiff as a part-time independent claims adjuster.

11. On or about October 9, 2015, Defendant Cunningham Lindsey terminated Plaintiff's employment effective immediately. The basis for Plaintiff's termination was that she "violated company policy", i.e., Plaintiff was employed by MWFB while she was also employed as an independent claims adjuster for Cunningham Lindsey.

12. On or about October 12, 2015, Defendant MWFB terminated Plaintiff's employment effective immediately. The bases for Plaintiff's termination were that she did not follow MWFB's personnel policy and ethics regarding employment with other employers, and that Plaintiff's employment as an "independent adjuster and representing other insurance carrier's [sic] is a conflict of interest and against the company code of ethics."

13. Defendant MWFB is not a competitor of Defendant Cunningham Lindsey nor is Cunningham Lindsey of MWFB.

14. Plaintiff did not adjust claims against MWFB's insured for Cunningham Lindsey nor against Cunningham Lindsey's clients for MWFB.

15. Plaintiff exhausted Defendants' grievance procedures. Plaintiff's employment was not reinstated by either Defendant.

//
//
//

## COUNT I

### Wrongful Discharge from Employment

16. Plaintiff realleges the foregoing paragraphs under this count verbatim.
17. Plaintiff was not a probationary employee.
18. Defendants terminated Plaintiff's employment under mistaken interpretation of fact;
19. Defendants' termination of Plaintiff's employment was a pretext for an illegitimate reason;
20. Defendants' termination of Plaintiff's employment was invalid as a matter of law;
21. Defendants discharged Plaintiff without good cause.
22. Plaintiff was injured by Defendants' wrongful termination.
23. Defendants' wrongful discharge is the actual and proximate cause of Plaintiff's injuries.
24. Plaintiff is entitled to lost wages, including bonuses, fringe benefits, and interest in an amount to be determined at trial.

## COUNT II

### Blacklisting

25. Plaintiff realleges the foregoing paragraphs under this count verbatim.
26. Defendants prevented or attempted to prevent employment of Plaintiff by prospective employers by making false representations about Plaintiff.
27. Defendants attempted, or authorized or allowed its agents to blacklist Plaintiff, to prevent Plaintiff from obtaining employment with prospective employers.

28. Plaintiff was injured by Defendants' blacklisting.
29. Defendants' blacklisting of Plaintiff is the actual and proximate cause of Plaintiff's injuries.
30. Plaintiff is entitled to damages, including, without limitation, punitive damages, and interest in an amount to be determined at trial.

## COUNT III

### Exemplary Damages

31. Plaintiff realleges the foregoing paragraphs as though set forth under this count verbatim.
32. Defendants prevented or attempted to prevent employment of Plaintiff by prospective employers by making false representations about Plaintiff.
33. On or about June 17, 2015, pursuant to Defendant MWFB personnel policies, Plaintiff complained to MWFB that its insurance agents were making false statements about Plaintiff's job performance because Plaintiff would not approve an insured's hail damage claim. Instead of taking corrective action, MWFB terminated Plaintiff's employment.
34. Defendants terminated Plaintiff's employment without good cause.
35. Defendants were aware that they had violated their policies, and/or state or federal employment laws when they discharged Plaintiff or intentionally disregarded these facts when they discharged Plaintiff.
36. Defendants deliberately terminated Plaintiff's employment in conscious or intentional disregard of the high probability of injury to Plaintiff, or deliberately discharged Plaintiff

1       with indifference to the high probability of injury to her.

2 37. Defendants committed actual malice when it terminated
3      Plaintiff.

4 38. Plaintiff was injured by Defendants' actual malice.
5      Defendants' malice is the actual and proximate cause of
6      Plaintiff's injuries.

7 39. Plaintiff is entitled to punitive damages in an amount to be
8      determined at trial.

## COUNT IV

### Equal Protection and Due Process

11 40. Plaintiff realleges the foregoing paragraphs as though set
12      forth under this count verbatim.

13 41. The Equal Protection Clause of the Fourteenth Amendment
14      mandates that government shall not deny to any person within
15      its jurisdiction equal protection of the laws. U.S. Const.
16      Amend. XIV; Mont. Const., Art. II, Section 4.

17 42. Article II, Section 3, Mont. Const., bestows upon the
18      citizens of this state inalienable rights to pursue life's
19      basic necessities, enjoy and defend their lives and
20      liberties, acquire, possess and protect property, and seek
21      their safety, health and happiness in all lawful ways.
22      Article II, Section 26, Mont. Const., guarantees the right
23      to trial by jury.

24 43. Courts shall be open to every person, and speedy remedy
25      afforded for every injury of person, property, or character.
26      Mont. Const., Art. II, Sect. 16. Right and justice shall be
27      administered without sale, denial, or delay. *Id.*

28 //

44. Section 39-2-915, M.C.A., provides that a party may offer to arbitrate and, if the other party rejects the offer, the offering party shall be awarded attorney fees as costs if the offering party prevails at trial, but that the rejecting party is not entitled to an award of attorney fees if the rejecting party prevails at trial.

45. Section 39-2-915, M.C.A., has a discriminatory impact in that it rewards an offering party but punishes a rejecting party by not affording attorney fees to the rejecting party even if the rejecting party prevails at trial. It also has a discriminatory impact in that Plaintiff, by her wrongful discharge claim, is treated dissimilar to other litigants by discouraging the exercise of her inalienable rights, chilling her unfettered right to a trial by jury, and closing the courthouse doors to speedy remedy without sale, denial, or delay.

46. It is against the public policy and laws of this state to grant one party the right to attorney fees, but not the other; violates Plaintiff's right to contract; imposes a term by which Plaintiff neither knowingly nor voluntarily agreed to; and imposes costs upon Plaintiff, e.g., arbitrator fees, that are not imposed on every other citizen bringing suit.

47. Section 39-2-915, M.C.A., is not related to a legitimate government purpose, is an arbitrary and discriminatory treatment of Plaintiff, and wholly irrelevant to the achievement of the legislature's objective.

//

48. Because § 39-2-915, M.C.A., is not related to a legitimate government purpose and is arbitrary and discriminatory, it violates Plaintiff's equal protection and due process rights.

49. Section 39-2-915, M.C.A., is unconstitutional and should not be enforced.

### DEMAND FOR JURY

Plaintiff requests trial by jury of her peers.

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

1. That Plaintiff be awarded lost wages, fringe benefits, and interest against Defendants for wrongful termination of Plaintiff's employment;
2. That Plaintiff be awarded punitive damages against Defendants for blacklisting Plaintiff and for maliciously terminating her employment;
3. That Plaintiff be awarded attorney fees, costs of suit, and interest to the extent allowed by law;
4. That § 39-2-915, M.C.A., be held unconstitutional; and
5. That, in addition, for such other equitable and legal relief.

DATED this 4 day of October, 2016.

Thomas Karem,
Attorney for Plaintiff